per curiam:
In this contract case, the court denied plaintiffs’ motion for summary judgment, granted defen *795 dant’s motion, and dismissed the petition. Order of February 6, 1981 (226 Ct.Cl. 645); rehearing was denied by Order of May 15, 1981. The present motion (filed May 10, 1982) is for relief under Rule 152(b). The ground is that our order of February 6, 1981 (confirmed by the denial of rehearing on May 15, 1981) properly dismissed not only the Wunderlich Act claims heard and decided by the Board of Contract Appeals, but also independent "breach” claims, said to be stated in the petition, over which that Board had no jurisdiction, and which should be tried in this court.
We assume, without deciding, that the petition embodies such "breach” claims separate and apart from the Wunder-lich Act claims, but nevertheless we deny the current motion under Rule 152. The conditions of that Rule have not been satisfied. Plaintiffs invoke three parts of the Rule, i.e., (b)(1), (b)(4), and (b)(6). Subsection (b)(1) — "mistake, inadvertence, surprise, or excusable neglect” — is inapplicable because it requires that the motion be made not more than a year after the order complained of, and here the dispositive order was entered on February 6, 1981, while the current motion was not filed until May 10, 1982, considerably more than a year later.
Subsection (b)(4) deals with a "void” judgment and requires that a motion under Rule 152 "shall be made within a reasonable time.” In this case the order and judgment of February 6,1981, was not "void” even if it was mistaken. The Court of Claims plainly has jurisdiction over "breach of contract” claims and an erroneous dismissal of the "breach” claims would not be "void” for lack of jurisdiction.
Subsection (b)(6) concerns "any other reason justifying relief from the operation of the judgment,” and, again, must be made "within a reasonable time.” Even if this general provision is available to them, plaintiffs have not sought relief within a reasonable time. When the court considered the cross-motions for summary judgment, plaintiffs did not call the court’s attention to any separate "breach” claims, nor did they, after the issuance of the order of February 6, 1981, call the court’s attention, in any proper fashion, to their contention that separate "breach” claims had been incorrectly dismissed. Their own papers on the instant *796 motion show that they soon understood that the entire petition (including any "breach” claims) had been dismissed by the order of February 6, 1981. But their first motion for rehearing (filed after they had become so aware) did not alert the court to that aspect of the case or ask for its rectification. And, after rehearing was denied on May 15,
1981, plaintiffs were formally and expressly informed by the Clerk in a letter of September 24, 1981, that the entire petition had been dismissed. But the instant motion was not made until May 10, 1982, some seven months later. Plaintiffs have not acted within reasonable time, as the Rule demands.*
Plaintiffs’ motion under Rule 152(b) is denied.
Plaintiffs’ motion for rehearing was denied September 10, 1982.

 For the same reasons, their motion under Rule 152(bX4) was not filed within a reasonable time.