**Dolores Hammarstrom DEAN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 230–83C.

United States Claims Court.

Aug. 30, 1989.

See also, 10 Cl.Ct. 563.

Guy J. Ferrante, Falls Church, Va., for plaintiff.

James M. Kinsella, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## OPINION

MOODY R. TIDWELL, III, Judge:

The court entered final judgment in this action on August 21, 1987, pursuant to a signed stipulation of the parties. On June 2, 1989, just over twenty-two months later, plaintiff filed a Motion for Relief from Final Judgment under Rule 60 of the United States Claims Court (RUSCC). Subsequent thereto, defendant responded and plaintiff replied.

The background of this case is as follows: On July 24, 1965 plaintiff's first husband died. As a result, plaintiff began receiving Dependency and Indemnity Compensation (DIC) payments from the Veterans Administration (VA). On February 28, 1971, plaintiff remarried. Her second husband elected not to participate in the Survivor Benefit Plan (SBP). In October of 1973, plaintiff's second husband entered into retirement. Six years later, he died. In March of 1983, plaintiff applied to the Air Force Board for the Correction of Military Records (Board) seeking correction of her second husband's military records to reflect her entitlement to full survivor annuity benefits. On April 8, 1983, while the Board decision was still pending, plaintiff filed her complaint in this court. The action was suspended until the Board denied plaintiff's application for relief in January of 1985.

Following protracted litigation, this court entered an opinion in plaintiff's favor. Subsequent to that opinion, a stipulation was reached between the parties as to the amount due to plaintiff and this stipulation, signed by both parties, was filed on April 29, 1987. This court then issued its order directing judgment pursuant to the signed stipulation of the parties. Final judgment was entered on August 21, 1987. Before final judgment was entered, however, the United States Court of Appeals for the Federal Circuit reversed another Claims Court case and held that it was proper to receive both DIC and SBP payments simultaneously, with no offset, so long as the payments are based on the accounts of different service members. It is this action of the Federal Circuit which plaintiff maintained was so "rare and unusual" that it requires this court to grant relief from judgment under RUSCC 60(b). However, this court views it otherwise.

Rule 60(b) of the United States Claims Court provides that relief from judgment may be based on:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In the present action, however, the court is unable to find any of these circumstances to justify allowing plaintiff's motion for relief from judgment. Plaintiff and defendant had reached a settlement stipulation which they submitted to the court from which the court rendered judgment. Each party was represented by counsel and each party voluntarily made a free, calculated, and deliberate choice to sign the stipulation; such "free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950).

■ Plaintiff argues, however, that the court should grant its motion for relief based of RUSCC 60(b)(6), for "any other reason justifying relief from the operation of the judgment." To grant a motion on those grounds, the court would look to find rare, unusual, or extraordinary circumstances which would justify relief. Here; there are no such circumstances. Black's Law Dictionary, cited by plaintiff, defines "extraordinary circumstances" as "[f]actors of time, place, etc., which are not usually associated with a particular thing or event; out of the ordinary factors." Black's Law Dictionary 527 (5th ed. 1979). The reason given by plaintiff for granting relief is that a subsequent Claims Court case was appealed and the existing law was changed by that appeal. This is not a rare, unusual, or extraordinary circumstance. Instead, this is a factor of consideration in all settlement agreements. If plaintiff were in fact misled in signing the stipulation agreement without being informed that her rights could change by a subsequent decision or that there was a relevant case pending on appeal, she may have a cause of action against her counsel, but she does not have rare, unusual, or extraordinary circumstances such that mandate the court to grant relief from judgment.

In the past, there have been many factors held to be rare, unusual, or extraordinary such as to justify relief, i.e., illness, poverty, duress or lack of counsel, *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949), lack of notice, *Radack v. Norwegian Am. Line Agency, Inc.,* 318 F.2d 538 (2d Cir. 1963), misconduct of counsel, *Barber v. Turberville,* 218 F.2d 34 (D.C.Cir.1954), or misrepresentations by the Government, *United States v. Baus,* 834 F.2d 1114 (1st Cir.1987). However, these factors are not present in this action. Here the court merely entered judgment in accordance with a stipulation voluntarily signed, under the direction of counsel, by each party.

■ Finally, RUSCC requires that the moving party file for relief within a "reasonable time." Although there is no explicit definition of what constitutes a "reason-

able time," under the circumstances of this case, twenty-two and one-half months is not reasonable. *See Pfotzer v. United States,* 231 Ct.Cl. 794, 796 (1982) (where seven months was held unreasonable); *White Mountain Apache Tribe of Ariz.,* 4 Cl.Ct. 575, 580 (1984) (where two months was held unreasonable). As a consequence, regardless of any other deficiencies, plaintiff's motion cannot be allowed.

Therefore, in light of RUSCC 60, relevant case law, and after fully reviewing this case file and considering the arguments raised by both plaintiff and defendant, the court is unable to find circumstances that would mandate allowing plaintiff's Motion for Relief from Judgment. Accordingly, plaintiff's Motion for Relief from Judgment is denied.

IT IS SO ORDERED.