**James CONSTANT, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 91–5005.

United States Court of Appeals, Federal Circuit.

March 25, 1991.

James Constant, Claremount, Cal., pro se.

Chun-I Chiang, Washington, D.C., for defendant-appellee. Of counsel was Vito J. DiPietro, Washington, D.C.

Before MARKEY, MICHEL, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

James Constant appeals the order of the United States Claims Court, *Constant v. United States*, No. 295–88 C (Cl.Ct. Aug. 15, 1990), dismissing his motion, pursuant to Rule 60(b)(4) of the Rules of the United States Claims Court (RUSCC), to vacate that court's previous dismissal of his complaint, *Constant v. United States*, No. 295–88 C (Cl.Ct. May 18, 1988), *aff'd*, 861 F.2d 728 (Fed.Cir.1988) (table), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989). Because Constant's RUSCC 60(b) motion was untimely, and because in any event, contrary to Constant's contentions, the Claims Court did have personal and subject matter jurisdiction when it entered the 1988 judgment and did not violate Constant's right to due process, we affirm. And because Constant's appeal is plainly frivolous, we grant the government's request for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure

and order Constant to pay the government its attorney fees and double its costs.

## BACKGROUND

In 1985 James Constant filed suit in the United States District Court for the Central District of California, charging several high technology companies with infringement of two patents he owned, and asserting various other theories of recovery, including challenges to the constitutionality of certain provisions of federal patent law and of federal funding of research and development. The court eventually dismissed all counts except the infringement claim for failure to state claims on which relief could be granted, and on summary judgment, held the two patents invalid. In June 1988, we affirmed the dismissal and judgment of invalidity, *Constant v. Advanced Micro–Devices*, 848 F.2d 1560, 7 USPQ2d 1057 (Fed.Cir.), *cert. denied*, 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988), noting as to Constant's novel constitutional theories, that "[b]ecause of appellant's earnest efforts to support his positions, we deal with them in greater detail than their merits deserve." *Id.* at 1563, 7 USPQ2d at 1058. We also stated:

> The district court went to great lengths to be fair and has shown great patience in the face of arguments and tactics that would have been improper if advanced by a lawyer.... In the past the appellant has repeatedly attempted to reassert or revive claims and theories after they have been properly dismissed with prejudice by the district court. *Appellant is hereby cautioned* that if he persists by trying to raise again the same issues that have been finally decided by the district court or by this court, he could be sanctioned under Fed.R.Civ.P. 11, Fed.R. App.P. 38, and the inherent power of the courts to sanction.

*Id.* at 1572, 7 USPQ2d at 1065–66 (emphasis added).

On May 16, 1988, while that appeal was still pending, Constant filed a complaint against the government in the United States Claims Court seeking reimbursement for the costs of litigating and defending the two patents, on the theory that the government had breached "patent grant contracts" by issuing to him two patents containing defects for which they were later held invalid. The Claims Court dismissed the suit *sua sponte*, holding "as a matter of law that the issuance of a patent by the Patent and Trademark Office does not create a contractual relationship between that office and the patentee." *Constant v. U.S.*, No. 295–88 C, slip op. at 1 (May 18, 1988). Constant appealed the dismissal to this court, and we affirmed in an unpublished opinion, *Constant v. U.S.*, No. 88–1426 (Fed.Cir. Sept. 13, 1988) [861 F.2d 728 (table)], in which we cautioned Constant against further attempts to litigate the issue:

> This appeal is frivolous; however, we do not sanction Constant *in this instance* because this appeal was filed prior to the issuance of *Constant [v. Advanced Micro–Devices*]. Nonetheless, we reiterate the admonition in that opinion—"[a]ppellant is hereby cautioned that if he persists by trying to raise again the same issues that have been finally decided ... he could be sanctioned under Fed.R.Civ.P. 11, Fed.R.App.P. 38, and the inherent power of the courts to sanction."

*Id.*, slip op. at 2 [861 F.2d 728 (table)] (emphasis added). The United States Supreme Court denied Constant's petition for a writ of certiorari. 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989).

On August 14, 1990, over two years after the Claims Court's May, 1988 dismissal, already made final on appeal, Constant filed a motion for relief from the dismissal pursuant to RUSCC 60(b)(4). Constant's motion asserted (1) that because "[t]he Government did not appear in the action and no claim of the complaint was joined on the merits" the Claims Court lacked personal jurisdiction over the government when it dismissed his complaint in 1988; (2) that the 1988 Order "is void under 60(b)(4) because it did not decide a case or controversy within the meaning of the provision of Article III of the Constitution"; and (3) that the *sua sponte* dismissal in 1988 with-

out advance notice to him or a hearing was in violation of due process of law. Supplemental Appendix at 99–101.

The Claims Court denied the RUSCC 60(b) motion immediately and *sua sponte*, *Constant v. United States*, No. 295–88 C (Cl.Ct. Aug. 15, 1990), and Constant filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (1988).

## DISCUSSION

### I

RUSCC 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void." RUSCC 60(b) also provides that such a motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." While the rule is thus silent as to what constitutes a "reasonable time" for a motion under reason (4), it does say that a delay of longer than a year is *not* reasonable for motions under (1), (2), or (3), which relate to, respectively, mistake or inadvertence, newly discovered evidence, and fraud by the other party.

Assuming without deciding that despite Constant's two-year delay in filing, his RUSCC 60(b) motion was within a "reasonable time,"[1] the motion is nevertheless wholly without arguable merit. Constant seems to present three basic contentions on appeal. First, he maintains that the Claims Court had subject matter jurisdiction over his complaint in 1988 so that the dismissal was improper. This contention is irrelevant because the dismissal was not based upon lack of subject matter jurisdiction. On the contrary, the Claims Court explicitly acknowledged that it had such jurisdiction, *Constant v. United States*, No. 295–88 C, slip op. at 1 (Cl.Ct. May 18, 1988), but it dismissed because the issuance of a patent does not create contractual rights and thus the complaint did not state a claim on which relief could be granted, RUSCC 12(b)(4). *Id.*

Second, Constant argues that the 1988 dismissal denied him due process of law because the *sua sponte* dismissal before the government even entered an appearance did not allow him to litigate his claims in court, and because the court's judgment of dismissal cited no precedent. But it is the validity of the *judgment,* not the quality of any *opinion* supporting it, that has legal significance, and the court's failure to cite any cases has no relevance to whether the court reached the correct legal result. Nor is due process violated by a dismissal, even *sua sponte*, for failure to state a claim: As our earlier decision affirming the dismissal held, Constant's "patent grant" contract claim was untenable as a matter of law, and no additional proceedings could have enabled Constant to prove any set of facts entitling him to prevail on his claim for relief. Under the circumstances, Constant was not entitled, as he contends, to advance notice or an opportunity to brief or argue the point. The dismissal thus did not deny Constant due process of law.

Finally, he argues that this court's 1988 affirmance of the dismissal on the "patent grant" contract theory was legally incorrect. But the denial of his petition for certiorari made the legal conclusions in our prior decision final and law of the case, and Constant is barred from attempting to relitigate them.

### II

The government has requested attorney fees and costs incurred in responding to Constant's appeal as sanctions under Fed.R.App.P. 38, which provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." On the basis of the briefs and the

---

**1.** In *Pfotzer v. United States*, 231 Ct.Cl. 794, 796 (1982), our predecessor court held that under Local Rule 152(b)(4), the forerunner of RUSCC 60(b)(4), a seven-month delay was *not* reasonable. *But see* 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.25[4] (2d ed. 1990) (authority suggesting that when jurisdiction is attacked, anytime is within a reasonable time).

record on appeal, we have determined that Constant's appeal is frivolous and accordingly award the government its attorney fees and double its costs incurred in defending this appeal.

Taken together, our cases have adjudged frivolity under Rule 38 in two established senses. First, where "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue," the appeal is deemed frivolous *as filed. Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579 (Fed.Cir. 1991). In the second type of frivolity, "while genuinely appealable issues *may* exist, the appellant's contentions in prosecuting the appeal are frivolous," and the appeal is deemed frivolous *as argued. Id.* at 1579.

Constant's appeal is founded solely upon legal theories which have been explicitly rejected by this court in Constant's prior appeal in this very same case. We hold therefore that Constant's present appeal, in which "no basis for reversal in law or fact can be or is even arguably shown," *Octocom Systems, Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 943 (Fed.Cir. 1990) (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed.Cir.1983)), is frivolous as filed.

Logically, an appeal which is frivolous as filed must also be frivolous as argued, since any arguments made in support of it are, by definition, frivolous. *Finch*, at 1580. This is certainly true here: Constant "has made numerous irrelevant arguments," *id.* at 1582, and has sought to "relitigate issues already adjudicated," *id.* at 1579 (citing *International Ass'n of Machinists & Aerospace Workers v. Boeing Co.*, 833 F.2d 165, 172 (9th Cir.1987), *cert. denied*, 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988), and *Trecker v. Scag*, 747 F.2d 1176, 1180 (7th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2140, 85 L.Ed.2d 498 (1985)). But because we are reluctant to condemn the arguments of a pro se litigant such as Constant, who despite his prior appeals perhaps cannot always be expected to appreciate the nuances of relevance in the same way a competent appellate lawyer would, we decline to base sanctions on our conclusion, though we do so hold, that his appeal is frivolous as argued. Instead, we rest our imposition of sanctions solely on our determination that his appeal is frivolous as filed.

■ Constant's pro se status certainly does not prohibit us from sanctioning him for a frivolously filed appeal. Of course, we never impose sanctions lightly, and are particularly cautious in the case of a pro se litigant, "whose improper conduct may be attributed to ignorance of the law and proper procedures." *Finch*, at 1582. But we and our sister circuits have not hesitated to impose sanctions in cases "where even a non-lawyer should have been aware that his conduct was frivolous." *Id.* (citing numerous examples from this and other circuit courts). Such is unquestionably the case here.

Given his long history of litigation and relitigation of the same issues, we can only conclude that Constant "by this time is certainly not without some practical experience with the law." *Ruderer v. Fines*, 614 F.2d 1128, 1133 (7th Cir.1980). Even more importantly, as we have noted above, Constant has twice been *explicitly* warned in opinions of this court that his prior conduct was frivolous, and that "if he persists by trying to raise again the same issues that have been finally decided ... he could be sanctioned under Fed.R.Civ.P. 11, Fed.R. App.P. 38, and the inherent power of the courts to sanction." *Constant v. U.S.*, No. 88–1426, slip op. at 2 (Fed.Cir. Sept. 13, 1988) [861 F.2d 728 (table) ] (quoting *Constant v. Advanced Micro–Devices*, 848 F.2d at 1572). Given such clear, direct, and repeated warnings that the very arguments he here attempts to relitigate are frivolous, with citation to the specific rules under which he may be sanctioned, there is no escaping the conclusion that any reasonable person in Constant's position, even though a non-lawyer, would understand that the filing of this appeal is improper conduct which could subject him to sanctions.

Nor do the due process requirements of notice and opportunity to be heard present any barrier to the imposition of sanctions in a case like this one. As we have discussed, Constant was on notice long before this appeal was filed that he could be sanctioned if he continued to try to relitigate the issues herein. Moreover, two of the twelve pages in the government's brief in this case were devoted to a specific request for sanctions,[2] and Constant had an opportunity in his reply brief to respond to this request and offer some explanation as to why he filed this appeal. Brief for Appellee at 10–12. He did not. Instead, with considerable gall, he frivolously requested sanctions against the government. Informal Reply Brief for Appellant at 5.

We note finally that Constant cannot escape a determination of frivolity by his decision to waive oral argument and submit the case on the briefs. While the cost to the appellee and the burden on this court's resources may be reduced somewhat by a decision to waive argument, the goals of Rule 38—compensating the prevailing party for the costs of having to defend a frivolous appeal and keeping the appellate calendar free for cases truly worthy of consideration, *see Finch*, at 1578—are no less important in cases submitted on the briefs than in those on which oral argument is heard. *Romala v. U.S.*, 927 F.2d 1219, 1225 (Fed.Cir.1991). "Waiving oral argument may have lessened somewhat the *degree* of damage done, but it has by no means eliminated it." *Id.* The Department of Justice has still been forced to expend time and effort in defending, and this court has still had to devote energy and resources to deciding, this wholly frivolous appeal.

Given the prior decision of this court in this and related cases, we deem the filing of this appeal to be clearly frivolous, just as Constant was warned it would be. Given the number of actions he has filed and the frequency and persistence with which he continues to attempt to relitigate the same theories which have consistently and finally been rejected as meritless, the inescapable conclusion is that Mr. Constant "is engaged on this appeal in 'recreational' litigation, misusing precious and limited resources better spent on meritorious claims of his fellow citizens to whom those resources belong." *Beachboard v. United States*, 727 F.2d 1092, 1095 (Fed.Cir.1984). We remind him and others that litigation is serious business. This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants.

In light of Constant's continuous abuse of the appellate process, we cannot assume that papers he may hereafter file in this court will be well-founded and presented in good faith. Accordingly, we direct the clerk of this court henceforth to accept for filing no motion, petition, pleading or other fileable paper from James Constant without an order of the court approving the filing.

## CONCLUSION

The order of the Claims Court denying Constant's RUSCC 60(b)(4) motion for relief from the judgment is affirmed as compelled by law of the case. The appeal is deemed frivolous and Constant is ordered to pay the government its attorney fees and double its costs.

**AFFIRMED—SANCTIONS IMPOSED.**

---

2. Our "Practice Note" to Rule 38 invites litigants to call misconduct to our attention, and states: "A party whose case has been challenged as frivolous is expected to respond to the challenge in the reply brief or to voluntarily request dismissal of the case."