48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David BEY, Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF OHIO; Judith A. Steiner, Associate
Legal Counsel, Defendants-Appellees.
 No. 94-4028.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 David Bey, proceeding pro se, appeals a district court judgment dismissing his civil complaint for failure to state a claim upon which relief could be granted. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bey sued the First National Bank of Ohio (the Bank) and its Associate Legal Counsel (Steiner) in a civil complaint allegedly based upon the Constitution, the Uniform Commercial Code (UCC), and the Fair Debt Collection Act (FDCA). As best as can be determined, Bey alleged that the Bank violated Article I, Section 10, Clause 1 of the U.S. Constitution when it lent him $6,242.88 on August 17, 1992, by "emitting bills of credit." He further complained that, on January 22, 1994, the Bank refused to accept payment in full "in like credit specie," credit specie," contrary to the UCC and the FDCA. Bey's requested damages of $669,228 were broken down by crimes corresponding to sections of Title 18 of the United States Code.
 
 
 4
 The district court granted the defendants' motions to dismiss for failure to state a claim upon which relief may be granted in a memorandum opinion and order filed on September 8 and entered on September 12, 1994. The district court found that, liberally construed, Bey's complaint contained only an allegation that the Bank had made a loan to Bey and added in conclusory fashion that this violated the Constitution; the complaint failed to refer to Steiner at all. A separate judgment was entered on the same day.
 
 
 5
 On appeal, Bey argues that the district court denied him due process by denying his request for a jury trial, and that the district court erred by "only consider[ing] a jurisdictional issue and not the facts...." The appellees request that the costs of the appeal be taxed to the appellant.
 
 
 6
 Upon review, we affirm the district court's judgment because Bey's complaint is totally insufficient to state a claim for which relief may be granted and the denial of Bey's request for a jury trial did not deprive him of his due process or Seventh Amendment rights. Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993).
 
 
 7
 When Bey's complaint is examined under this standard, it is clear that the district court correctly dismissed it pursuant to Rule 12(b)(6). Although liberal, this standard of review does require more than the bare assertion of legal conclusions. Id. at 1240. "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " Ibid. (emphasis in original, quoting Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 436 (6th Cir.1988)). Bey's complaint contains absolutely no facts which would support a claim under any viable legal theory. Moreover, none of the constitutional or statutory provisions cited by Bey has any application at all to this case.
 
 
 8
 The district court's dismissal of this complaint did not deny Bey his right to a jury trial. The district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980). Bey received the process due him when he was afforded the opportunity to respond to the defendants' motion to dismiss and correct the defects in his complaint. Where a complaint fails to state a claim as a matter of law, no further proceedings could have enabled the plaintiff to prove any set of facts which would entitle him to relief. Constant v. United States, 929 F.2d 654, 657 (Fed.Cir.), cert. denied, 501 U.S. 1206 (1991).
 
 
 9
 Finally, we deny the appellees' request for taxation of costs because no argument was presented in support of the request. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous within the meaning of this rule "if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987). Although Bey's appeal is "obviously without merit," there is no showing that it was "prosecuted for delay, harassment, or other improper purposes" as required by Cincinnati Bronze.
 
 
 10
 Accordingly, the district court's judgment, entered on September 12, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The appellees' request to tax costs to the appellant is denied.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation