NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1684

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5317, Judge Coral Wong Pietsch.

-------------------------------------------------

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2279

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-1297, Judge Joseph L. Falvey, Jr.

---

Decided: March 14, 2024

---

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Rashid El Malik appeals from two decisions of the United States Court of Appeals for Veterans Claims (Veterans Court). In Appeal No. 23-1684, he appeals from the Veterans Court's order dismissing in part and denying in part Mr. El Malik's first petition for a writ of mandamus to order the Department of Veterans Affairs (VA) to comply with a Board of Veterans' Appeals decision. In Appeal No. 23-2279, Mr. El Malik appeals from the Veterans Court's order dismissing his second petition, which requested the same relief as his first petition. We hold that the Veterans Court did address Mr. El Malik's finality argument, but we lack jurisdiction to decide the remaining issues Mr. El Malik raises. Accordingly, we affirm in part and dismiss in part.

## BACKGROUND

Mr. El Malik, a disabled veteran, sought certain home modifications under a Veteran Readiness and Employment (VR&E) living plan. In an April 7, 2022 decision, the Board granted in part, denied in part, and remanded in part Mr. El Malik's claims for home modifications. SAppx.[1] 56–71. The Board specifically granted Mr. El Malik entitlement to: (1) purchase new hardwood floors, (2) install automatic door openers, (3) install a lift at the back of the home, and (4) complete a two-story add-on to the back of the home. SAppx. 57.

The Board also remanded part of the case to the VA to further develop whether Mr. El Malik was entitled to various other equipment purchases and home modifications. SAppx. 66–69. In particular, the Board ordered a medical opinion concerning the necessity of the following accommodations:

> (1) an overhead cover for a wheelchair lift at the front of the home; (2) a cover over the front walk; (3) widening of all doorways inside the home; (4) installation of a central air conditioning system; (5) an addition to the home to include installation of a new bathroom downstairs; (6) replacement of the existing wood decks; (7) extension of the rear of the main bedroom to create space for a walk-in closet and a work-out room on the floor below; (8) creating access to an existing outdoor kitchen located near the pool area; and (9) remodeling the kitchen to enable access while using a wheelchair.

SAppx. 66–69. Mr. El Malik did not appeal the Board's decision.

---

[1] Citations to "SAppx." refer to the Appendix submitted by the government in Appeal No. 23-1684.

The modification project for Mr. El Malik's home started in June 2018. SAppx. 44. By May 2022, the following modifications were completed: (1) installation of an elevator enabling access to all levels of the house; (2) installation of a second elevator providing access to the back patio and deck area from the main living room; (3) an exterior lift at the front of house enabling access from the main level to the garage level; (4) an exit door and wood deck off the master bedroom and bathroom in case of fire; (5) installation of a deck and sidewalk on the side of the home for access to electrical boxes; (6) automatic door openers on the front double doors, master bathroom exit door, and elevator doors; (7) enlargement of the master bathroom; (8) installation of hardwood floors in the master bedroom, tile floors and walls in master bathroom, and a lower clothing rod in the master bath closet; (9) a new roof; (10) an automatic start back-up generator; and (11) replacement of a wood deck adjacent to the exterior lift at the rear of house. SAppx. 88; SAppx. 111.

In August 2022, Mr. El Malik filed a petition for a writ of mandamus in the Veterans Court seeking an order directing the VA to implement the Board's April 2022 decision. SAppx. 22–25. Mr. El Malik alleged that the VA refused to comply with the Board's April 2022 decision, resulting in unreasonable delay, and that he was prejudiced by the Board's reliance on an allegedly false statement by a VR&E representative to deny his VR&E claim.[2]

A few months later, while the petition for writ of mandamus was still pending, the VA requested clarification

---

[2]   The allegedly false statement recites: "None of the below [modifications] have actually been completed." Appellant's Br. 87; *see also* Appellant's Br. 12.

"Appellant's Br. __" refers to pages in Mr. El Malik's informal opening brief in Appeal No. 23-1684 as numbered by operation of an electronic file viewing system.

from the Board regarding (1) additional automatic door openers because the VA believed it had satisfied what was required by the Board, and (2) the two-story addition at the rear of Mr. El Malik's home because some of the requested modifications "related to the current remand instructions." Appellant's Br. 98–99. In response to the VA's request for clarification, Mr. El Malik asked the Veterans Court to intervene in this "violation of his due process." *See* Petitioner's Addendum, *El Malik v. McDonough*, U.S. Vet. App. No. 22-5317 (Nov. 15, 2022), ECF No. 18, at 2.

The Veterans Court denied in part and dismissed in part Mr. El Malik's petition for writ of mandamus. The Veterans Court dismissed the petition as it relates to the VA "refusing" to implement the Board's order as moot on the grounds that the lift systems, hardwood flooring, and automatic door openers were installed as contemplated by the order. The Veterans Court also found that the VA's request for clarification on the nature of the ordered two-story addition was appropriate given the denial and remand of other items sought by Mr. El Malik, and that seeking such clarification was not a refusal to follow an order. In addressing Mr. El Malik's allegation of unreasonable delay, the Veterans Court analyzed the *TRAC* factors and concluded that the circumstances did not reflect a delay "so egregious as to warrant mandamus" and denied this part of the petition. SAppx. 12 (quoting *Martin v. O'Rourke*, 891 F.3d 1338, 1343 n.5 (Fed. Cir. 2018)); *see also Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984). It explained Congress did not provide a timetable in the applicable statutory scheme; that the VA had worked toward implementing the modifications ordered by the Board; and that a judicial mandate to force the VA to work faster would shift the VA's resources from other veterans. Finally, the Veterans Court interpreted Mr. El Malik's allegations that the Board relied on false statements as mere disagreement with the Board's denial

of his claims and explained that a writ of mandamus was not the proper vehicle to challenge that denial.

Mr. El Malik moved for reconsideration of the Veterans Court's decision. He argued, among other things, that the VA's request for clarification of a Board decision violated 38 C.F.R. § 20.1100[3] and his constitutional rights. SAppx. 130, 133. The Veterans Court denied the motion because Mr. El Malik failed to demonstrate that the decision "overlooked or misunderstood any point of law or fact." SAppx. 151.

In February 2023, Mr. El Malik filed a second petition for a writ of mandamus, again asking the Veterans Court to direct the VA to implement the Board's April 2022 order. 23-2279 SAppx. 10–12. He again argued that the VA unreasonably delayed execution of the order and that the VA's request for clarification violates the laws relating to the finality of a Board decision. The Veterans Court dismissed the second petition as duplicative of Mr. El Malik's first petition. 23-2279 SAppx. 3–4. Mr. El Malik appeals both Veterans Court decisions.

## DISCUSSION

This court's jurisdiction to review mandamus decisions of the Veterans Court is limited. Although we have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," 38 U.S.C. § 7292(d)(1), we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or

---

[3]    38 C.F.R. § 20.1100, entitled "Finality of decisions of the Board," recites that "all Board decisions are final on the date stamped on the face of the decision" and that "[f]inal Board decisions are not subject to review except as provided in 38 U.S.C. 1975 and 1984 and 38 U.S.C. chapters 37 and 72."

regulation as applied to the facts of a particular case," *id.* § 7292(d)(2).

On appeal, Mr. El Malik argues that the Veterans Court failed to address his finality argument and that his due process rights were violated because the Veterans Court's decisions relied on a false statement. *See* Appellant's Br. 11–12; 23-2279 Appellant's Br. 3–4, 11–16. We address each in turn.

Mr. El Malik first contends that the Veterans Court's decisions failed to address his argument regarding finality—i.e., that the VA's request for clarification was an attempt to change a decision in violation of 38 C.F.R. § 20.1100. We disagree. The Veterans Court found that the VA's efforts to clarify certain aspects of the Board's decision did not undermine or challenge the finality of the Board decision. *See* SAppx. 10 ("Rather, by seeking such clarification from the Board, VA has acted on the Board's grant and has taken a step to ensure that the Board's grant is implemented as contemplated by the Board."). For example, "[t]he Board's April 2022 decision did not specify which structural changes were within the scope of the Board's award of a two-story addition at the rear of the home" but "some claimed components that had been remanded by the Board could be part of a two-story addition to the rear of the home." SAppx. 10. Insofar as Mr. El Malik disagrees with the Veterans Court's finding that the VA was taking steps to implement the Board decision, we lack jurisdiction to review that factual dispute.

Mr. El Malik then asserts that the Veterans Court violated his due process rights by relying on the allegedly false statement made by the VA.[4]    Appellant's Br. 9 (Mr. El

---

[4]    Mr. El Malik made a substantially similar argument in one of his many other appeals before us. Appellee's

Malik arguing that "[t]he Veterans Court accepted the Respondent representation that the components were completed and denied the writ.  Here the Court denied the writ based on false statements . . . .").  He specifically alleges that his "due process rights are violated in a case that considers tainted evidence."  Appellant's Br. 12; *see also* 23-

---

Br. 9–10; *see El Malik v. McDonough*, Appeal No. 22-1982; *El Malik v. Wilkie*, Appeal No. 19-1971; *El Malik v. Wilkie*, Appeal No. 19-1637; *El Malik v. Shulkin*, Appeal No. 17-1167; *El Malik v. McDonald*, Appeal No. 15-7060; *El Malik v. Shinseki*, Appeal. No. 14-7009; *El Malik v. Shinseki*, Appeal No. 12-7069; *El Malik v. Shinseki*, Appeal No. 12-7041; and *El Malik v. Shinseki*, Appeal No. 11-7201.

In dismissing one of these appeals—also an appeal of a denial of a petition for a writ of mandamus—we rejected Mr. El Malik's argument that the Board erred in relying on the same allegedly false statement he takes issue with here.  *See El Malik v. McDonough*, No. 22-1982, 2022 WL 17495984, at *3 (Fed. Cir. Dec. 8, 2022) (nonprecedential). The opinion explained that Mr. El Malik's "arguments are properly understood as a challenge to the Board's April 2022 decision.  The merits of that decision, and any alleged procedural defects associated with it, are not before us here."  *Id.*

This court has previously sanctioned pro se petitioners who have attempted to relitigate previously adjudicated issues.  For example, this court has sanctioned pro se appellants by imposing the opposing party's attorneys fees.  *See, e.g., Constant v. United States*, 929 F.2d 654, 657–59 (Fed. Cir. 1991).  Courts have also imposed sanctions requiring individuals to seek leave from the court before filing any future appeal.  *Id.* at 659.  Before imposing such sanctions, the court warns Mr. El Malik to not raise this issue yet again in another appeal from a denial of a petition for writ of mandamus.

2279 Appellant's Br. 3.  Mr. El Malik argues "that veterans have a protected property interest that requires fair adjudication of their disability benefits claims."  23-1684 Reply Br. 2.

Contrary to Mr. El Malik's assertion, he does not raise a constitutional challenge that "confer[s] upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  The Veterans Court did not rely on the allegedly false statement to deny his petitions.  The court based its denial of writ on Mr. El Malik's failure to demonstrate that the VA refused to comply with the Board's April 2022 order.  SAppx. 13.  We thus discern no constitutional issue appropriate for our review in these appeals.

Moreover, to the extent Mr. El Malik disagrees with the merits of or the procedures surrounding the Board's April 2022 decision, we cannot address what is not properly before us.  As explained by the Veterans Court, if Mr. El Malik's arguments regarding this allegedly false statement is a challenge to the Board's April 2022 denial in part of benefits, an appeal of the Board decision is the proper vehicle to challenge the denial—not a writ petition.  *See* SAppx. 14 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (holding a writ is improper where the petition has "other adequate means to attain the relief he desires")).  Before us on appeal are the Veterans Court's decisions regarding Mr. El Malik's petitions for writ of mandamus.  We will not entertain what would be a challenge to the Board decision.

## CONCLUSION

We have considered Mr. El Malik's remaining arguments and find them unpersuasive.  We hold that the Veterans Court did not ignore Mr. El Malik's argument regarding finality.  Because we lack jurisdiction to review the rest of Mr. El Malik's challenges to the Veterans

Court's determinations, we affirm in part and dismiss in part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

Costs

No costs.