17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Carol A. TRUFANT, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 93-3516.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Carol A. Trufant, petitioner, pro se, appeals the final decision of the Merit Systems Protection Board (MSPB), July 29, 1993, Docket No. DC0752920492-C-1, denying her petition for review of a dismissed petition for enforcement because it did not meet the criteria of 5 C.F.R. Sec. 1201.115 (1993). We affirm.
 
 DISCUSSION
 
 2
 On January 24, 1992, petitioner was employed by the United States Air Force as a clinical psychologist and director of the Air Force Services for Exceptional Children (AFSEC) program. Her responsibility was to provide clinical services as a psychologist for the patients of government clinics in Europe and to supervise other clinical doctors or "providers." Upon assuming her duties, she canceled the appointments of providers and herself and did not meet with patients. She did not receive her necessary credentials for patient interviews until March 10, 1992, although the government alleges there were other clinical tasks she could have performed. There was a backlog of requests for services. Pending certification, her time was spent on administrative matters.
 
 
 3
 Ms. Trufant disregarded her clinical duties and had difficulty interacting with hospital staff. She ignored direct orders of her supervisors; made racially discriminatory remarks about and to other employees; ignored congressionally mandated directives, DOD instructions and standards, and Air Force regulations; and placed personal priorities and business over patient services. These and other charges were set forth in a notice of April 27, 1992, proposing removal in 30 days and advising her of the procedures for response and appeal of any adverse action. Having been repeatedly warned of her shortcomings and failing to address them, petitioner was removed from her employment effective May 27, 1992.
 
 
 4
 Petitioner obtained legal counsel and reached an agreement with the government. The settlement agreement was signed on July 17, 1992, by petitioner and a government representative. Pursuant to the settlement agreement, petitioner's appeal to the MSPB, filed June 8, 1992, was dismissed with prejudice on July 27, 1992. She submitted her resignation on July 22, 1992, effective May 27, 1992. Under the settlement agreement in the record before the court, petitioner was paid $30,000 and up to $2,500 in attorney fees. The termination action was removed from her personnel file and an advanced pay debt was forgiven. In the order dismissing petitioner's appeal, the administrative judge noted that the agreement was lawful on its face and appeared to have been freely and voluntarily entered into by the parties. That decision became final on August 31, 1992, when neither party appealed to the full board.
 
 
 5
 On July 23, 1992, petitioner was advised by the personnel office, by letter, that she was eligible to receive Temporary Continuing Coverage (TCC) benefits. These are not an entitlement, 5 C.F.R. Sec. 890.1103(b) (1993), but do allow former government employees to continue their health care benefits for 18 months unless discharged involuntarily for gross misconduct. The individual is responsible for payment of the premiums, including both the individual and government contributions and the administrative charge. 5 C.F.R. Sec. 890.1109(a) (1993). The civilian personnel representative notified petitioner of her TCC benefits and that she would be responsible for paying the full premiums after a 31-day free coverage. He stated in a sworn statement that petitioner acknowledged receipt of this information.
 
 
 6
 There were administrative difficulties concerning the processing of petitioner's standard form 2809 requesting TCC benefits and a change in health plans. It is not necessary to recite the difficulties encountered but they were all resolved favorably to petitioner, retroactive to her date of termination. Nevertheless, petitioner filed a petition for enforcement to the administrative judge claiming that the Air Force had violated the settlement agreement by not providing records and benefits in a timely manner and claiming $30,000 in damages. The Air Force responded that while the settlement agreement did not provide petitioner with TCC benefits, they nevertheless were extended to her without amending the agreement. Further, the administrative judge held that since TCC benefits were not mentioned in the settlement agreement the board had no power to enforce them. When Ms. Trufant's petition for review was denied, this appeal followed.
 
 
 7
 Petitioner has made miscellaneous charges that the government was at fault in not explaining the settlement agreement to her and that the government made other mistakes and covered them up; acted fraudulently during negotiations of the settlement; engaged in larceny of her property benefits, i.e., TCC benefits; should have paid for those benefits to which she was entitled; and that the Air Force breached its duty of trust in not advising that the settlement did not include TCC. She now denounces the settlement agreement, blames her legal counsel also for not explaining it to her, and alleges that the circumstances of her signing it renders it invalid. She accepts responsibility for the actions of her counsel but blames the agency's representative for acting "either fraudulently, indifferently, or incompetently" in not explaining the ramifications of the language used and thus preventing a meeting of the minds. She charges that the agency had a duty to care for her interests which it violated. It is alleged that the contract was entered into by government fraud and was contrary to public policy.
 
 
 8
 Therefore, petitioner demands that the settlement agreement be corrected in numerous respects to favor her claims and that she be authorized to call collect to "discuss any matters" with board representatives in Europe. Although petitioner alleges that her attorney "sold her out," he denies doing so and describes the settlement he negotiated as "extraordinary [sic] successful under the circumstances." Petitioner has not offered to return the $30,000 and attorney fees received from the government pursuant to the settlement. She now seeks to have it set aside for fraud but seeks another $30,000 in damages.
 
 CONCLUSION
 
 9
 Petitioner, pro se, alleges that she has been treated unfairly, illegally, and discriminated against. We have set forth some of her allegations, none of which are supported by credible evidence. The discrimination allegation is not within our jurisdiction here and petitioner makes only passing reference to it. The only issue before us is whether to affirm the MSPB decision. Our authority for such review is limited. We can only set aside the decision where it is arbitrary, capricious, an abuse of discretion, obtained without procedures required by law, rule or regulation, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). We find no such defects here. Ms. Trufant bears the burden of establishing any deficiencies in the administrative decision. Administrative decisions are presumptively correct and government officials are presumed to have acted in good faith in discharging their duties. Sanders v. U.S. Postal Serv., 801 F.2d 1328, 1331 (Fed.Cir.1986). MSPB's July 29, 1993 determination was that the petition for review did not meet the criteria of 5 C.F.R. Sec. 1201.115 (1993). That is to say, the board concluded that, despite due diligence, there was no new and material evidence available that was not available when the record closed and that the administrative judge's decision was not based on an erroneous interpretation of statute or regulation.
 
 
 10
 Accordingly, the initial decision became final in accordance with law. The merits of the case are not for determination on the court's review. We have set forth petitioner's basic allegations because petitioner is pro se and we want it understood that we have not only reviewed her arguments but we find them wanting, self-serving, and frivolous. Any further appeal to the court would be an abuse of its jurisdiction and subject to sanctions.