Carol A. TRUFANT, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3197.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2001.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Carol A. Trufant, a pro se petitioner, appeals the Merit Systems Protection Board's (MSPB's) dismissal of her petition for enforcement of a 1992 settlement agreement with the Air Force. *Trufant v. Dep't of Air Force,* 87 M.S.P.R. 627 (2001). Because the terms of the disputed settlement agreement are unambiguous, this court *affirms.* Further, because Ms. Trufant has filed a frivolous appeal despite a prior warning, this court advises Ms. Trufant that she must first seek permission before filing any future appeal or action in this court.

BACKGROUND

Ms. Trufant appeals to this court a second time. In 1994, Ms. Trufant appealed a MSPB decision denying her petition for enforcement (PFE) of a 1992 settlement agreement with the Air Force. As part of

the 1992 settlement agreement, in exchange for Ms. Trufant agreeing to terminate her lawsuit, the Air Force agreed to remove three documents pertaining to Ms. Trufant's removal, namely: "the termination action, decision to remove, and proposal to remove." In her appeal to the MSPB, Ms. Trufant demanded "that the settlement agreement be corrected in numerous respects to favor her claims...." *Trufant v. Dep't of Air Force*, No. 93–3516, 1994 WL 6077, at *2, 1994 WL 6077 (Fed. Cir. Jan. 12, 1994). Ms. Trufant sought to expand the scope of the 1992 settlement agreement to include Temporary Continuing Coverage (TCC) benefits as well as the removal of certain documents from her personnel file.

The MSPB dismissed Ms. Trufant's first appeal. This court affirmed the dismissal and admonished Ms. Trufant that: "[w]e have set forth petitioner's basic allegations because petitioner is pro se and we want it understood that we have not only reviewed her arguments but we found them wanting, self-serving, and frivolous. *Any further appeal to the court would be an abuse of its jurisdiction and subject to sanctions.*" *Trufant*, 1994 WL 6077, at *3 (emphasis added).

Despite that warning, Ms. Trufant now appeals a second MSPB decision, affirming the administrative judge's interpretation of the 1992 settlement agreement clause governing the removal of documents from her personnel file. *Trufant v. Dep't of Air Force*, 87 M.S.P.R. 627 (2001). As part of her appeal to the MSPB, Ms. Trufant filed a second PFE demanding that the Air Force remove six additional documents from her personnel file. Specifically, the six documents included: (1) a March 24, 1992 Opportunity to Improve Period (OIP) notice; (2) a March 25, 1992 note from Ms. Trufant stating that she would not sign the OIP notice; (3) an April 1, 1992 memoran-

dum from Lieutenant Colonel Shields documenting a meeting at which Ms. Trufant refused to sign the OIP notice; (4) an April 1992 performance appraisal referencing the OIP; (5) a March 30, 1992 memorandum from Lieutenant Colonel Ngo, which referenced Ms. Trufant's proposed removal from service; and (6) a Performance and Promotion Appraisal Plan.

Upon review, the administrative judge determined that only the fifth document listed above should have been removed, because it referenced Ms. Trufant's removal from the Air Force. The administrative judge determined that the presence of this document in the file would frustrate the objective of the agreement to remove evidence of Ms. Trufant's removal from the Air Force. The Air Force subsequently removed this document, at which point the MSPB found the Air Force in compliance with the agreement.

The administrative judge further determined that the settlement agreement did not specifically require the removal of the remaining five documents because none of those documents referenced her removal. The administrative judge noted additionally that Ms. Trufant had previously sought to remove the OIP notice in her first PFE, which the MSPB denied, a decision subsequently affirmed by this court. On review of the second PFE, the MSPB affirmed the administrative judge's decision and dismissed Ms. Trufant's petition.

On appeal to this court, Ms. Trufant now contends that the MSPB erred in refusing to remove the five documents at issue (numbers 1–4 and 6 listed above) from her personnel file. She also seeks in excess of one million dollars in back pay and damages.

## DISCUSSION

This court must affirm any agency action, findings, or conclusions not found to

be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

■ A settlement agreement is a contract; accordingly, this court reviews the interpretation of such an agreement without deference. *King v. Dep't of Navy,* 130 F.3d 1031, 1033 (Fed.Cir.1997) (and cases cited therein).

A. Settlement Agreement Construction

■ If the terms of an agreement are unambiguous, then a court need not consult extrinsic evidence, parol or otherwise. *McAbee Const., Inc. v. United States,* 97 F.3d 1431, 1435 (Fed.Cir.1996).

■ The clause in question here stipulates that the Air Force should remove "the termination action, decision to remove, and proposal to remove" from Ms. Trufant's personnel file. This clause is not ambiguous. It is also clear that all three documents relate to Ms. Trufant's removal. Contrary to Ms. Trufant's contention that the intent of the agreement was to provide her with a clean slate, the agreement does not suggest that intent. Nor does the agreement stipulate the removal of documents pertaining to the OIP notice. The administrative judge's decision is clearly not arbitrary or capricious and is supported by substantial evidence.

B. Sanctions

Although cautious of the chilling effect that sanctions may create, this court has previously sanctioned pro se petitioners who have filed frivolous appeals or attempted to relitigate previously adjudicated issues. *See, e.g., Constant v. United States,* 929 F.2d 654 (Fed.Cir.1991). Indeed, "this and other circuits have imposed sanctions in cases where even a non-lawyer should have been aware that his conduct was frivolous." *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1582 (Fed.Cir. 1991). This court previously has sanctioned pro se petitioners with penalties ranging from a warning to an imposition of opposing party's attorney fees and double costs. *Constant,* 929 F.2d at 658–59. This and other courts have also imposed the requirement that the sanctioned individual first seek the court's permission prior to filing any future appeals. *Id.* at 659.

■ This court has already warned Ms. Trufant regarding the consequences of filing future frivolous appeals to this court. Moreover, although Ms. Trufant's first appeal primarily concerned her TCC benefits, she also sought to expand the scope of the settlement agreement regarding the exclusion of certain documents from her personal file, an issue now raised in this appeal. Not only does Ms. Trufant seek to relitigate matters previously decided, she also seeks in excess of one million dollars in damages, which is certainly frivolous. For these reasons, this court sanctions Ms. Trufant to first seek permission before filing any future appeal before this court.

CONCLUSION

The MSPB dismissal of Ms. Trufant's petition for enforcement is affirmed. And, it is ordered that:

The clerk is directed not to accept for filing any notice of appeal or petition submitted (other than one submitted in this appeal) by Carol A. Trufant unless she first seeks, and is granted, leave to file the document.