NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

CAROL A. TRUFANT,
*Petitioner,*

**v.**

DEPARTMENT OF THE AIR FORCE,
*Respondent.*

2013-3168

Petition for review of the Merit Systems Protection Board in No. DC0752920492-C-3.

Decided: September 16, 2014

CAROL A. TRUFANT, of Oakland, California, pro se.

DOUGLAS G. EDELSCHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and BRIAN A. MIZOGUCHI, Assistant Director.

Before CHEN, MAYER, and LINN, *Circuit Judges.*

PER CURIAM.

Carol A. Trufant appeals a final order of the Merit Systems Protection Board ("board") dismissing her appeal as barred by *res judicata*. *See Trufant v. Dep't of the Air Force*, No. DC0752920492-C-3, 2013 MSPB LEXIS 3468 (MSPB June 28, 2013). We affirm.

## BACKGROUND

This is Trufant's third appeal to this court. In 1992, Trufant was removed from her position as a clinical psychologist with the Air Force. After she appealed her removal to the board, the parties entered into a settlement agreement and the board subsequently dismissed her appeal with prejudice. *See Trufant v. Dep't of the Air Force,* No. 93-3516, 1994 U.S. App. LEXIS 830, at *3 (Fed. Cir. Jan. 12, 1994) ("*Trufant I*").

In 1993, Trufant filed a petition for enforcement with the board, arguing that the settlement agreement was invalid. The board dismissed her petition and we affirmed, concluding that her allegations were not "supported by credible evidence," *id.* at *6, and that her arguments were "wanting, self-serving, and frivolous," *id. at *8.

In April 2000, Trufant appealed to the board again, arguing that the Air Force was required by the terms of the settlement agreement to remove certain documents from her personnel file. The board dismissed her appeal and this court affirmed, stating that "[n]ot only does Ms. Trufant seek to relitigate matters previously decided, she also seeks in excess of one million dollars in damages, which is certainly frivolous." *Trufant v. Dep't of the Air Force*, 20 Fed. App'x 887, 889 (Fed. Cir. 2001) ("*Trufant II*").

In July 2012, Trufant filed a third petition for enforcement with the board. She argued that the Air Force breached the settlement agreement by failing to remove documents from her personnel file. Specifically, she

asserted that the Air Force should remove a performance evaluation from her personnel file and that "the rest of the material in that little beige flat file [should] be destroyed." On June 28, 2013, the board affirmed an administrative judge's initial decision dismissing Trufant's petition for enforcement as barred by *res judicata.*

## DISCUSSION

The doctrine of *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Whether a claim is barred by *res judicata* is a question of law which we review de novo. *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1380 (Fed. Cir. 2002); *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1342-43 (Fed. Cir. 1999).

On appeal, Trufant argues that "*res judicata* is overridden here" and that the board therefore erred in dismissing her petition for enforcement. We disagree. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655, 660 (Fed. Cir. 2011); *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). *Res judicata* thus applies "not only as to every matter which was offered and received to sustain or defeat [a] claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Salazar v. Buono*, 559 U.S. 700, 713 (2010) (citations and internal quotation marks omitted); *see Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter

that never has been litigated, because of a determination that it should have been advanced in an earlier suit.").

In her current appeal, Trufant challenges the validity of the 1992 settlement agreement with the Air Force and seeks the removal of certain documents from her personnel file, arguing that those documents have prevented her from "gaining another federal job." These claims are barred by *res judicata* because they were, or should have been, litigated in prior proceedings. *See Carson*, 398 F.3d at 1375 (concluding that the claims raised in an employee's second petition for enforcement were barred by *res judicata* since he "could have raised [his] retroactive reassignment and nonselection claims" in earlier proceedings before the board). Trufant has previously been afforded a full and fair opportunity to litigate issues surrounding the validity of the 1992 settlement agreement and the scope of the Air Force's obligation to remove documents from her personnel file. *See Trufant II*, 20 Fed. App'x at 889 (emphatically rejecting Trufant's allegations that the Air Force was required to remove additional documents from her personnel file); *Trufant I*, 1994 U.S. App. LEXIS 830, at *6-8 (affirming a board decision rejecting Trufant's challenges to the 1992 settlement agreement).

In both of her previous appeals to this court, we concluded that the claims asserted by Trufant were frivolous. *See Trufant II*, 20 Fed. App'x at 889; *Trufant I*, 1994 U.S. App. LEXIS 830, at *8. The claims here are likewise wholly without merit, advanced in an improper effort to revisit issues that were conclusively resolved in previous litigation. Trufant is reminded that she is under a continuing obligation to seek permission from this court before bringing any future appeals, *see Trufant II*, 20 Fed. App'x at 889, and is advised that any future filing which we deem frivolous may result in the imposition of monetary sanctions.

**AFFIRMED**