**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT O. IDAHOSA, <br> Appellant, | DOCKET NUMBER <br> AT-1221-19-0535-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, <br> Agency. | DATE: July 10, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert O. Idahosa, Columbus, Georgia, pro se.

Nic Roberts, Fort Benning, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted his administrative remedies with respect to additional personnel actions, disclosures, and protected activity, address those personnel actions, disclosures, and activity, supplement the administrative judge's analysis regarding contributing factor, and vacate her determination that the agency met its burden by clear and convincing evidence, we AFFIRM the initial decision.

## BACKGROUND

The appellant was an Equal Employment Opportunity (EEO) specialist at the agency's Fort Benning, Georgia location. Initial Appeal File (IAF), Tab 9 at 14. On July 27, 2016, the agency initiated an AR 15-6 investigation into the appellant based on allegations that he had engaged in the unauthorized practice of law and used his public office for gain. IAF, Tab 25 at 14. This investigation was completed in August 2016. *Id.* In February 2017, the appellant's supervisor placed him in a non-duty paid administrative leave status until further notice for "insubordinate conduct."[2] *Id.* at 70.

---

[2] The record does not describe the nature of the appellant's insubordinate conduct, and it is unclear whether such conduct was related to the results of the AR 15-6 investigation. Moreover, it is unclear from the record as to whether his placement on

Subsequently, in March 2017, the appellant filed a complaint with the Office of Inspector General (OIG) accusing his supervisor of falsifying time and attendance records. *Id.* at 72-73. In his complaint, he also referenced his placement on administrative leave and further accused his supervisor of wasting money and mismanagement. *Id.* at 73.

On August 21, 2017, the agency proposed to remove the appellant based on a charge of conduct unbecoming of a Federal employee. *Id.* at 78. The charge included three specifications: conducting private business from his Government office; using his Government computer for personal matters; and representing himself as an attorney despite not being a licensed attorney. *Id.* After the appellant replied to the proposal, the agency sustained the charge and removed him, effective February 6, 2018. *Id.* at 82-83.

After his removal, the appellant filed a complaint with the Office of Special Counsel (OSC).[3] *Id.* at 85. He asserted to OSC that, in retaliation for his OIG complaint, a complaint to his second- and third-line supervisors, and unspecified EEO complaints, he was placed on administrative leave status and later removed. *Id.* at 87-89; IAF, Tab 12 at 22. The appellant appears to have subsequently amended his OSC complaint to allege retaliation by denying him promotions and not providing performance evaluations for 2016 and 2017, as well as retaliation for filing a different OSC complaint in 2014. IAF, Tab 12 at 18-19, 22-23. In April 2019, OSC closed its inquiry into the appellant's allegations of whistleblower retaliation and notified him of his right to seek corrective action from the Board. IAF, Tab 25 at 91.

Following OSC's closeout letter, the appellant filed an IRA appeal with the Board. IAF, Tab 1. The administrative judge found that the appellant established

administrative leave ended prior to his removal.

[3] The appellant's original complaint with OSC appears to be a disclosure of wrongdoing on the part of his supervisor, again accusing her of time fraud. IAF, Tab 25 at 87. OSC declined to investigate his disclosure of time fraud but forwarded his complaint to its Complaints Examining Unit for consideration of whistleblower retaliation. *Id.* at 88.

Board jurisdiction over his IRA appeal. IAF, Tab 13. After the appellant withdrew his request for a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 22, Tab 27, Initial Decision (ID) at 1, 10.

The administrative judge found, based in part on the agency's stipulation, that the appellant had exhausted his administrative remedies with OSC regarding some, but not all, of his claimed personnel actions and disclosures. ID at 3-5. She then found that the appellant failed to establish a reasonable belief that he made a protected disclosure. ID at 6-7. Even assuming he made a protected disclosure, she nonetheless found that he failed to establish that it was a contributing factor in a personnel action. ID at 7-8. Finally, she found that, even if the appellant established contributing factor, the agency successfully demonstrated by clear and convincing evidence that it would have taken the personnel action in the absence of any protected activity. ID at 9-10.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He alleges generally that the administrative judge abused her discretion, failed to consider material facts, inappropriately weighed his supervisor's sworn statement, did not follow appropriate procedures, and denied him due process. *Id.* at 2-4. He further argues that the administrative judge failed to consider the allegations about his supervisor's time fraud and review the agency's procedural errors and denial of due process, and asserts that there is new evidence altering the outcome of his appeal.[4] *Id.* The agency has responded to his petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an IRA appeal, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *Lu v. Department of Homeland Security*,

---

[4] The appellant twice references new and material evidence on review. PFR File, Tab 1 at 3-4. However, his petition contains no attachments of this new evidence.

122 M.S.P.R. 335, ¶ 7 (2015). The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that he engaged in protected activity or made a protected disclosure, and that the disclosure or activity was a contributing factor in the agency's decision to take a personnel action. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). After establishing the Board's jurisdiction in an IRA appeal, the appellant must then establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him.[5] *Lu*, 122 M.S.P.R. 335, ¶ 7; *see* 5 U.S.C. § 1221(e)(1).

The appellant exhausted his administrative remedies with OSC.

Despite the agency's stipulation that the appellant exhausted his administrative remedies with OSC, the administrative judge found that the appellant only exhausted his administrative remedies regarding his OIG complaint, placement on administrative leave, and removal. ID at 3 n.2, 4-5; IAF, Tab 24 at 1. She found that the appellant failed to exhaust with OSC the agency's alleged failure to provide him 2016 and 2017 performance evaluations, as well as his nonselection for promotions. ID at 4-5. She further found that the appellant did not exhaust his remedies regarding the 2014 disclosure to OSC. ID at 5. The appellant does not specifically challenge these findings on review. Nonetheless, we disagree with the administrative judge and vacate her findings to the contrary. *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010) (holding that the issue of the Board's jurisdiction may be raised sua sponte at any time); *Shannon v. Department of Homeland Security*, 100 M.S.P.R.

---

[5] Preponderant evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

629, ¶ 18 (2005) (finding that the Board has an interest in ensuring that jurisdictional determinations are correct).[6]

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.*

The record here contains a November 2018 email exchange between the appellant and OSC. IAF, Tab 12 at 18-19. In an email from OSC, the investigating attorney summarized the alleged personnel actions as being "not given performance evaluations for 2016 and 2017, that you were denied promotions, that you were placed on administrative leave, and that you were ultimately terminated." *Id*. at 18. The OSC attorney further recognized that the appellant was alleging retaliation for filing an OSC complaint in 2014. *Id.* The appellant responded to a series of questions about his allegations, and included an

---

[6] The administrative judge, in her close of record conference, appears to have limited the issues to whether the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8) and whether the disclosure was a factor in his removal. IAF, Tab 24 at 1-2. However, the administrative judge then addressed additional issues in the initial decision, including the appellant's alleged missing performance evaluations, nonselection for promotions, and placement on administrative leave. ID at 4-5. Because the administrative judge addressed these issues in the initial decision, we find it appropriate to address them on review. *See Simnitt*, 113 M.S.P.R. 313, ¶ 5.

allegation that he made a protected disclosure to his second- and third-line supervisors regarding his first-line supervisor's time fraud. *Id.* at 22.

We find that the appellant provided adequate detail and information to give OSC a sufficient basis to pursue an investigation. Accordingly, we find that the appellant exhausted his administrative remedies with OSC for the following personnel actions: his placement on administrative leave; his removal; the agency's failure to provide 2016 and 2017 performance evaluations; and his nonselection for promotions. Moreover, we find that he sufficiently exhausted the following disclosures: his complaint to the OIG, his 2014 OSC complaint, and his complaint to his second- and third-line supervisors regarding his first-line supervisor's alleged time fraud.

The appellant engaged in protected activity.

The administrative judge found that the appellant failed to establish that he made a protected disclosure.[7] ID at 7. She did not explicitly address whether the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C). The appellant does not specifically challenge these findings on review. Nonetheless, we address them here. *See* 5 C.F.R. § 1201.115(e).

After establishing the Board's jurisdiction, an appellant must prove by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A protected disclosure is a disclosure of information that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). The proper test

---

[7] The administrative judge did not address whether the appellant's 2014 OSC disclosure or the disclosure to his second- and third-line supervisors was protected.

for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id*. Moreover, under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he discloses information to the OIG or OSC in accordance with applicable provisions of law. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 12 (2016). Indeed, section 2302(b)(9)(C) covers those employee disclosures to an OIG or OSC that do not meet the precise terms of the actions described in section 2302(b)(8). *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 612 (1991), *abrogated on other grounds by Special Counsel v. Santella*, 65 M.S.P.R. 452 (1994).

The appellant here exhausted three protected disclosures and activities, and we address them in turn. First, the appellant filed a complaint with the OIG. The administrative judge found that the content of his disclosure was not protected because the appellant lacked a reasonable belief that he had disclosed wrongdoing. ID at 7. However, beyond the content of the disclosure itself, section 2302(b)(9)(C) protects disclosures of information to the OIG of any agency, and the Board has recognized that disclosures to the OIG are protected. 5 U.S.C. § 2302(b)(9)(C); *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 18 (2013). The appellant here provided a clear and unambiguous copy of his 2017 complaint to the OIG. IAF, Tab 25 at 72-73. Accordingly, we find that the appellant has demonstrated by preponderant evidence that he engaged in protected activity by filing the 2017 OIG complaint.

Second, the appellant claims he filed a complaint with OSC in 2014, alleging fraud, waste, and abuse by his then first- and second-line supervisors. IAF, Tab 12 at 18-19, 23, Tab 26 at 5. The administrative judge, finding that this allegation was not exhausted, did not address whether this was protected. ID at 5.

Upon review of the record, although he raised this 2014 complaint in his most recent OSC complaint, the appellant appears to have only provided this information as background information before the Board. IAF, Tab 6 at 4-5, Tab 26 at 5. Despite being represented in his Board appeal, the appellant does not clearly set forth an argument that his 2014 OSC complaint was a protected disclosure or activity that led to a personnel action. Rather, it is presented as a background matter in his statement of facts. IAF, Tab 6 at 4-5, Tab 26 at 5. Accordingly, we decline to address whether it was protected.

Finally, the appellant alleges that he disclosed his supervisor's time fraud to his second- and third-line supervisors. IAF, Tab 12 at 22, Tab 26 at 5. He repeats this argument on review, again arguing the merits of his supervisor's alleged time fraud. PFR File, Tab 1 at 2. The administrative judge did not directly address this complaint, but the substance of the disclosure is the same as that which was made to the OIG, which the administrative judge addressed. ID at 7; IAF, Tab 25 at 72-73. For this disclosure to be protected under section 2302(b)(8), the appellant must demonstrate by preponderant evidence that he had a reasonable belief that his disclosure evidenced a violation of a law, rule, or regulation. *See Bradley*, 123 M.S.P.R. 547, ¶ 7. We find that he has not done so.

According to the appellant, he disclosed that his first-line supervisor was arriving late to work without using leave. IAF, Tab 26 at 5. The appellant asserts that his supervisor's start time was 8:00 a.m., but that she arrived between 8:20 a.m. and 9:45 a.m. on various days. *Id*. at 5-6. According to her time sheets from the record below, she reported working 8 hours on the days in question. *Id*. at 18-20. Although addressing his similar complaint to the OIG and not to his supervisors, the administrative judge found that this disclosure of information was not protected because the appellant did not establish that he had a reasonable belief that it evidenced a violation of a law, rule, or regulation. ID at 6-7. As the administrative judge observed, the appellant made no claim as to when his

supervisor left on the days in question. ID at 7. Nor did the appellant claim that his supervisor was prohibited from extending her workday if she arrived late, or that her workday started firmly at 8:00 a.m. *Id.* The records provided by the appellant merely establish that his supervisor claimed that she worked 8 hours on the days in question. IAF, Tab 26 at 18-20. Based on the foregoing, we find that the appellant has failed to prove by preponderant evidence that he had a reasonable belief that this information, which he disclosed to his second- and third-line supervisors, evidenced a violation of any law, rule, or regulation, or any of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Cf. D'Elia v. Department of the Treasury*, 65 M.S.P.R. 540, 546-47 (1994) (finding a reasonable belief of time fraud when there was an unreasonable excuse for the absence from the office, unrebutted corroborating testimony of the time fraud scheme, and an admission that the individual's time sheet did not reflect accurate times). Accordingly, this is not a protected disclosure.

Although we disagree with the administrative judge's analysis of the exhaustion and the protected activity requirements, as set forth below, we nonetheless agree that the appellant failed to establish a prima facie case of whistleblower retaliation. Accordingly, these errors were harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant failed to establish that his protected activity was a contributing factor in any personnel action.

The administrative judge found that the appellant failed to meet his burden of proof regarding contributing factor. ID at 7-8. The appellant on review challenges the administrative judge's finding that the proposing official's sworn statement was more credible than his allegation that she was aware of his OIG complaint. PFR File, Tab 1 at 2.

A protected disclosure or activity is a contributing factor if it affects an agency's decision to take a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). The typical way to establish contributing factor is through the knowledge/timing test, when an employee shows that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* The administrative judge found that the appellant failed to establish the knowledge prong of the knowledge/timing test, crediting the proposing official's sworn statement that she had no such knowledge. ID at 8. We agree.

Because no hearing was held, the administrative judge applied the relevant factors in weighing the parties' hearsay evidence. ID at 8 (citing *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 88-89 (1981)); *see Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 22 (2016). Although hearsay evidence such as the proposing official's statement may be admissible in Board proceedings, assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case. *Borninkhof*, 5 M.S.P.R. at 83. The Board generally evaluates the probative value of hearsay by considering various factors that include the availability of persons with firsthand knowledge to testify, whether the out-of-court statements were sworn, whether the declarants were disinterested witnesses to the events and whether their statements were routinely made, the consistency of the out-of-court statements with other statements and evidence, whether there is corroboration or contradiction in the record, and the credibility of the out-of-court declarant. *Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 16 (2011).

The proposing official here, who was also the appellant's first-line supervisor, submitted a sworn statement declaring that she was unaware of the appellant's OIG complaint when she proposed his removal. IAF, Tab 21 at 10. She further declared that at no point in time did the appellant's second-line

supervisor inform her that the appellant had filed a complaint with the OIG. *Id.* at 11. The appellant, by contrast, argued in an unsworn pleading submitted by his attorney that the proposing official became aware of his OIG complaint when the OIG office contacted his second-line supervisor, who in turn informed the proposing official about the complaint. IAF, Tab 26 at 6, 12. The appellant's attorney indicated that the facts set forth in the pleading were not based on his personal knowledge. *Id.* at 3.

Statements made by a party's attorney or representative in a pleading are not evidence. *Rose v. Department of Defense*, 118 M.S.P.R. 302, ¶ 10 (2012). Accordingly, we give little weight to the facts set forth in this pleading. On the contrary, the sworn statement of the proposing official, with firsthand knowledge, is of more probative value. Moreover, as the administrative judge noted, the appellant has not alleged that the deciding official knew of his OIG complaint. ID at 8. The appellant on review merely disagrees with the administrative judge's weighing of the hearsay evidence. PFR File, Tab 1 at 2; *see Trufant v. Department of the Air Force*, 87 M.S.P.R. 627, ¶ 10 (finding the mere disagreement with an administrative judge's findings and credibility determinations does not warrant full review of the record by the Board), *aff'd per curiam*, 20 F. App'x 887 (Fed. Cir. 2001). We therefore find no error in the administrative judge's weighing of the conflicting statements and agree that the appellant has failed to establish the knowledge prong of the knowledge/timing test as it relates to any of the personnel actions at issue in this case.

The administrative judge recognized that there is an alternative way to prove contributing factor, but declined to address this method. However, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she is required to consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or

motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15. Accordingly, we modify the initial decision to address this alternative method.

The agency presented strong reasoning for taking the personnel action, citing the appellant's use of his Government office and computer to conduct private business and his wrongful representation of himself as an attorney when he was not so licensed. IAF, Tab 25 at 78. This was generally corroborated by the findings of the AR 15-6 investigation and other documentation in the record. *Id*. at 14-16, 30-54, 64-68. However, the appellant's protected activity was personally directed at the proposing official, his direct supervisor. IAF, Tab 26 at 15-16. Without knowledge of said activity, as discussed above, we find that the proposing and deciding official had little desire or motive to retaliate against the appellant. In this case, given the strength of the agency's reasoning behind the personnel action, and the fact that it is ultimately the appellant's burden of proof, we find that he has failed to prove contributing factor under the alternative method.

We vacate the administrative judge's findings on the agency's affirmative defense.

Despite finding that the appellant failed to establish his prima facie case of whistleblower retaliation, the administrative judge nonetheless found that the agency met its burden of proving, by clear and convincing evidence, that it would have taken the same personnel actions in the absence of any whistleblowing. ID at 8-10. The appellant does not specifically challenge this finding on review.

When an appellant meets his burden to establish a prima facie case of reprisal for whistleblowing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's whistleblowing. *Scoggins*, 123 M.S.P.R. 592, ¶ 26. Given the administrative judge's correct finding that the appellant failed to prove contributing factor, however, it was inappropriate for her to determine whether the agency proved by clear and convincing evidence that it would have taken the

same action in the absence of the appellant's whistleblowing. *Id.*, ¶ 28; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings that the agency proved by clear and convincing evidence that it would have removed the appellant absent his whistleblowing.

The appellant's remaining arguments do not provide a basis for reversing the initial decision.

The appellant on review makes numerous generalized arguments challenging the initial decision, including that the administrative judge abused her discretion, failed to consider material facts, did not follow appropriate procedures, denied him due process, and failed to review the agency's procedural errors. PFR File, Tab 1 at 2-4. However, he has not provided any specifics to support these arguments, such as what material facts were not considered, what procedures were not followed, or how the administrative judge abused her discretion or denied him due process. Without any specifics, the appellant is, in essence, merely disagreeing with the administrative judge's conclusions. *See Trufant*, 87 M.S.P.R. 627, ¶ 10. To the extent that the appellant is asserting that the agency committed harmful error or denied him due process, such claims cannot be raised in an IRA appeal. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 5 (2014); *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 24 (2013). Accordingly, the appellant has presented no basis to reverse the initial decision.

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.